HARRIS, Presiding Judge.
Appellant was indicted by the Calhoun County Grand Jury for robbery in the first degree in violation of § 13A-8-41, Code 1975. At arraignment, appellant entered a plea of not guilty. The jury returned a verdict of guilty, and the court sentenced appellant to twelve years’ imprisonment in the state penitentiary.
Pat Quigley, store manager of Jerry’s Super Yalu in Bynum, Calhoun County, Alabama, testified he observed appellant in the store at 4:00 p. m. on December 18, 1980. Appellant was in the wine section and was “stuffing a bottle of wine down his trousers.” As appellant walked towards the front of the store, he tucked another bottle of wine underneath his coat. By the time Mr. Quigley reached the front door, appellant had exited the store without paying for the wine.
Another store employee, Rodney Minton, followed appellant into the parking lot. When Quigley got outside, appellant and Minton were “exchanging words.” Appellant said he didn’t have anything, and then attempted to flee. Mr. Quigley chased appellant and caught him approximately thirty feet from the front door of the store.
As Mr. Quigley held appellant around the arms from behind, appellant stated “I am not coming back,” and “You don’t know what it is like to be an alcoholic.” At this point, Minton was in front of appellant, picking up a wine bottle appellant had dropped. Quigley heard a clicking sound as he held appellant, and he asked Minton if appellant had a knife. When Minton replied “No, he has a razor,” Quigley threw appellant to the ground, feeling that appellant was maneuvering to attack him with the weapon. Quigley identified a box opener knife as similar to the one he saw appellant with the day of the robbery.
A Lincoln policeman who happened to be stopped at a traffic light near the store, observed the struggle. He took appellant into custody, and held him until the local sheriff’s deputy arrived.
Mr. Quigley stated appellant had taken three bottles of wine from the store during the course of the robbery.
Rodney Minton, another store employee, testified he observed appellant exit the store on December 18, 1980 with a bottle of wine in his pants and two bottles inside of his jacket. He followed appellant outside and told him to come back to the store. Appellant refused to do so, and at that time *625 Mr. Quigley ran out and stopped the appellant from fleeing. Minton confirmed that appellant had a weapon, and that he told Quigley appellant was armed with a razor. Appellant tried to cut Mr. Quigley, and when Quigley threw appellant to the ground, Minton kicked the knife away.
Appellant testified on his own behalf, and admitted taking the wine. However, he denied that he was armed with a weapon of any kind at the time of the robbery.
Appellant argues that there was a material variance between the indictment and the proof at trial in that there was no evidence presented of the use of force or threat of force in the taking of the wine. He contends the evidence of the possession and use of the weapon was too remote from the commission of the theft to be used to elevate his crime to first degree robbery. Citing the commentary to §§ 13A-8-40 through 13A-8 — 44, Code 1975, he argues that a successful theft followed by use of force to resist apprehension later does not constitute robbery.
Appellant’s argument fails, of course, in that the statement in the code commentary is not made in reference to threats or assaults made to effect an immediate escape. Indeed, the commentary to §§ 13A-8-40 through 13A-8-44 specifically points out that the immediate case is the exact type of situation intended to be covered by the newly expanded definition of robbery under the new code.
§ 13A-8^41 defines robbery in the first degree as follows:
“(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
(1) Is armed with a deadly weapon or dangerous instrument; or
(2) Causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.”
Included in the definition of robbery in § 13A — 8-43 is the term “in the course of committing a theft.” § 13A-8-40(b) defines that phrase accordingly:
“(b) ‘IN THE COURSE OF COMITTING A THEFT’ embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission. (Acts 1977, No. 607, § 3301.)”
There is no doubt from the record before us that the state presented sufficient evidence that appellant was armed with a deadly weapon and attempted to use the same while in immediate flight after the commission of the theft. See, Petty v. State, 414 So.2d 182 (Ala.Crim.App.1982). No error harmful to the substantial rights of appellant having been demonstrated, this case is affirmed.
AFFIRMED.
All the Judges concur.