HARRIS, Judge.
The appellant, Robert Douglas Barnett, was convicted of third degree robbery and was sentenced under the Habitual Felony Offender Act to twenty years’ imprisonment.
The sole issue raised on appeal is appellant’s contention that the State failed to establish a prima facie case of third degree robbery.
The State presented evidence showing that, on July 15, 1982, at approximately 11:00 p.m., appellant and another companion entered the Kroger Supermarket in Opelika, Alabama. Bruce Rogers, a Kroger employee, was in an upstairs office and watched the appellant and his companion through a one-way glass mirror. Mr. Rogers observed the two black males who were in separate areas of the store but within sight of one another. After appellant nodded at his companion, the companion disappeared down one of the store aisles. Soon afterwards, appellant’s companion came out of the store pushing a shopping cart containing two bags of groceries. Appellant’s companion then walked past the cashiers and out the front door of the store. Appellant joined his partner as he went out of the door with the groceries in the shopping cart.
Mr. Rogers, along with Phillip Wilkerson, another Kroger employee, chased after the two men and yelled for them to stop. At this point, appellant and his companion were still pushing the grocery cart containing the two grocery bags. Upon hearing the shouts to stop, appellant picked up the groceries out of the cart and began to run. Mr. Rogers chased after appellant while Mr. Wilkerson chased after appellant’s partner. While running with the grocery bags, appellant tripped and fell to the ground. Mr. Rogers then caught up with appellant and the two began to struggle. As the two struggled, appellant threatened Mr. Rogers, stating, “Watch it, I have a knife.” Appellant was subsequently arrested. Thirty cartons of cigarettes were recovered from the dropped grocery bags.
Appellant contends that the State failed to establish a prima facie case of robbery because: (1) no threat or use of force to effectuate the unlawful taking of property of the Kroger Supermarket was shown; and (2) that, even if a threat of force was made, the victim was not shown in actual fear by any threat.
Appellant was tried and convicted of third degree robbery, in violation of § 13A-8-43, Code of Alabama (1975), which provides:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance of physical power of resistance; or
(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
“In the course of committing a theft” is defined in § 13A-8-40, Code of Alabama, 1975, as follows:
“(b) ‘In the course of committing a theft’ embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission.”
Further explanation of the law as it pertains to the facts in the present case is found in the commentary to §§ 13A-8-40 and 13A-8-43, Code, supra. There we find:
“The ... use or threat of force in escaping, broadens the scope of robbery. There should be no distinction between cases in which force is used to gain possession of another’s property and cases in which possession is gained and then force is used to retain possession ... The expansion, of course, is limited to threats and assaults to effect an immediate escape ...”
*670 Evidence was presented at trial showing that appellant and his partner entered the Kroger Supermarket around 11:00 p.m. on July 15, 1982. The two then soon left the store with thirty cartons of cigarettes without paying for them. Immediately thereafter, a struggle ensued outside the grocery store between appellant and a Kroger employee during which appellant stated, “Watch it, I have a knife.”
After careful review of the testimony presented, we find that the State presented evidence from which the jury could reasonably infer that appellant used force or threats of force in an attempt to effectuate the theft of goods from Kroger Supermarket. We find no merit to appellant’s contention that no robbery was shown since the victim was not placed in actual fear of appellant’s threat to use force. Section 13A-8-43, supra, makes no mention of and does not require that the threat of force used to compel acquiescence to the taking of property actually place the victim in fear.
Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Vickerstaff v. State, 374 So.2d 443 (Ala.Cr.App.1979).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.