Wilbert Casher was indicted and convicted for robbery in the first degree. Alabama Code 1975, § 13A-8-41. He was sentenced as a habitual offender to life imprisonment. On appeal, the defendant argues that the State failed to prove a prima facie case because the stolen merchandise had been recovered before any force or violence was used.
 I
The State's undisputed evidence shows that on October 28, 1983, the defendant was observed apparently shoplifting a carton of Salem cigarettes from an A P Grocery Store in Mobile. He was questioned outside the store by the manager and voluntarily returned inside the store to show the manager that he had replaced the cigarettes on the shelf. When the defendant showed the manager a carton of Barclay cigarettes, the manager told him that *Page 680 
he could not prove anything and told the defendant to get out of his store and never come back or he would be arrested for trespassing.
As the defendant was leaving, he "bumped" the manager who felt something, pulled up the defendant's shirt and discovered the Salems stuffed in the defendant's pants. The manager removed the carton and told a store employee to call the police. The defendant said "he wasn't waiting for the police." The defendant told the manager he would cut him, reached in his pocket and pulled out a knife. The defendant and the manager "scuffled" and the defendant cut the manager on the face. The defendant began swinging his knife at "anybody around" and ran out of the store where he told the pursuing manager that he would kill him. Two or three minutes elapsed between the time the manager recovered the cigarettes and the time the defendant cut the manager.
The defendant contends that there was no proof of robbery in the first degree because he did not use force in fleeing with the property: "The testimony is undisputed that the defendant used force to flee the scene, but the original theft (shoplifting) had been completed, the victim had regained control of the property, and the defendant used force to flee but not with the property." Appellant's Brief, p. 13.
The indictment charged the defendant with robbery involving the use of a deadly weapon. This type of first degree robbery is committed when a person "(i)s armed with a deadly weapon or dangerous instrument" (§ 13A-8-41 (a)) and "(t)hreatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property" (§ 13A-8-43 (a)(2) (emphasis added)) "in the course of committing a theft" (§ 13A-8-43 (a)). The phrase "in the course of committing a theft" is defined by § 13A-8-40 (b) to "embrace acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission."
The defendant's conviction for robbery in the first degree is due to be reversed on authority of Harris v. State,451 So.2d 406, 410-11 (Ala.Cr.App. 1984). Here, as in that case, "defendant's conduct did not constitute robbery for the reason that he neither used nor threatened any force against the alleged victim `with intent to compel acquiescence to the taking of or escaping with the property' that he had stolen or had attempted to steal." Harris, supra. The annotation at 93 A.L.R.3d 643 (1979) reveals that there is extremely little support for the proposition that the use of force merely to effect an escape, after the property taken has been abandoned, supplies the element of force necessary to make the taking a robbery. See generally C. Torcia, 4 Wharton's Criminal Law § 478 (14th ed. 1981). The specific wording of the Alabama statute distinguishes it from the robbery provisions of the Model Penal Code under which the defendant's conduct qualifies as robbery. Model Penal Code § 222.1 (1980); W. LaFave and A. Scott, Criminal Law § 94, n. 56 (1972).
The State argues that the "bumping was a use of force by Appellant in order to leave with the stolen goods." This contention is advanced for the first time on appeal. The term "force" is not defined by statute. However, here there is no rational inference that can be drawn from the evidence that the defendant used any "force" to either overcome the manager's "physical resistance or physical power of resistance" (§13A-8-43 (a)(1)) or "to compel acquiescence to the taking of or escaping with the property" (§ 13A-8-43 (a)(2)). "The amount or degree of force requisite to robbery is such force as is actually sufficient to overcome the victim's resistance." 77 C.J.S. Robbery § 15 (1952). See also Thompson v. State,24 Ala. App. 300, 305, 134 So. 679 (1931).
 "The use of force in taking the property of another implies personal violence.
 "The degree of force used is not material. The force used is sufficient if it prevents resistance, . . .
 Where the victim resists the taking of his property, the *Page 681 
defendant's use of force is sufficient if it overcomes such resistance, . . ." 4 Wharton's Criminal Law at § 475.
Here, the defendant was neither being restrained nor had anyone attempted to restrain him when he "bumped" into the manager. In fact, and quite the contrary, the manager had ordered the defendant out of the store.
The record indicates that the jury was confused over this issue. Shortly after the deliberation had begun, the jury requested an answer to the question, "Does fleeing with the merchandise have any bearing on robbery in the first degree?" In response, the trial court charged in pertinent part:
 "And I charge you that flight may be a part of robbery in the first degree as the definition I stated to you. `In the course of committing a theft,' as that term is used in the definition of robbery in the first degree, embraces acts which occur in an attempt to commit or the commission of a theft or in the immediate flight after the attempt or commission. So that the force could occur either during the attempt, during the actual commission of the theft, or in the flight after the theft."
This charge was erroneous and misleading.
Although the defendant is guilty of serious offenses, he is not guilty of robbery. The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.