497 So.2d 550 (1986)
Ex parte Willie James SAPP, Jr.
(Re Willie James Sapp, Jr. v. State of Alabama).
85-346.
Supreme Court of Alabama.
September 26, 1986.
James B. Sprayberry, Auburn, for petitioner.
Charles A. Graddick, Atty. Gen., and Victor Jackson, Asst. Atty. Gen., for respondent.
BEATTY, Justice.
Certiorari was granted to determine whether the Court of Criminal Appeals had correctly interpreted Code of 1975, § 13A-8-41, which creates the offense of robbery in the first degree:
"(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
"(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal *551 or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."
Under that section, the offender must violate § 13A-8-43:
"(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
"(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
Thus, to be found guilty under these statutes, the force or threat must have been used "in the course of committing" the theft, which, by statutory definition, § 13A-8-40, "embraces acts which occur... in immediate flight after the attempt or commission."
According to the facts as found by the Court of Criminal Appeals, 497 So.2d 546, the petitioner left the victim's store with the "black jacket which appeared to belong to Wal-Mart," and then, approximately five or ten minutes later, returned to the store wearing the jacket, which proved to be the property of Wal-Mart. It was after this return that the violence occurred and the petitioner thereafter escaped.
We respectfully disagree with the Court of Criminal Appeals, finding that court in error in concluding that the facts constituted robbery. The armed force to which that court's opinion referred was not used "in the course of committing" the theft or "in immediate flight after the ... commission," but took place after the theft itself clearly had ceased. In short, the statutes applicable here have not transposed theft into robbery.
Accordingly, the judgment of the Court of Criminal Appeals must be, and it is hereby, reversed, and the cause is remanded to that court for an order consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES and ADAMS, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
Admittedly, this is a close case, and probably represents the "twilight zone" of factual settings in which culpable conduct can be classified as "robbery" rather than "theft," but I am of the opinion that the Court of Criminal Appeals has correctly interpreted our new Criminal Code as applied to these particular facts, and I would affirm its judgment.
STEAGALL, J., concurs.