JAMES H. FAULKNER, Retired Justice.
Tommy Lee Harvey was indicted for the offense of robbery in the third degree, in violation of § 13A-8-43, Code of Alabama 1975. The jury found Harvey guilty as charged in the indictment, and he was sentenced as a habitual offender to 14 years’ imprisonment.
The sole issue raised on appeal is whether the State presented sufficient evidence to establish a prima facie case of robbery in the third degree.
Section 13A-8-43, Code of Alabama 1975, defines the offense of robbery in the third degree as follows:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
*681 “(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.
“(b) Robbery in the third degree is a Class C felony.”
A prima facie case of robbery in the third degree was made out by the testimony of Annie Jenkins, an employee of the Wal-Mart store in Phenix City. Jenkins testified that on February 5, 1990, she was working the gate while the regular attendant was on a break and that her job was to check for receipts as customers exited the store through the garden shop. As she was standing near the gate, she noticed Harvey push a shopping cart through the gate heading outside the store. Jenkins looked in Harvey’s cart for a receipt and when she did not see a receipt attached to a shopping bag in the cart, she asked Harvey for a receipt. According to Jenkins, Harvey stated that his wife had the receipt and that she was in the bathroom. Harvey continued pushing the shopping cart in an attempt to exit the store, and Jenkins began pushing the cart in the opposite direction. She also told the regular gate attendant to call the police. Harvey then let go of the shopping cart and walked out of the gate past Jenkins. Jenkins was pushing the cart back through the gate into the store when Harvey came back through the gate, into the store, balled his fist, hit Jenkins in the face, grabbed the merchandise from the shopping cart, and ran. Two other Wal-Mart employees caught Harvey outside the store with the merchandise.
“Robbery, as defined in Alabama’s new Criminal Code, is broader in scope than common law robbery. It ‘includes instances where violence is used or threatened in the course of committing a theft’; which includes an attempted theft, or flight, as well as a completed theft. Commentary Alabama Code Sections 13A-8-40 through 44 (1975).” Wright v. State, 432 So.2d 510, 511-12 (Ala.Cr.App.1983).
Ms. Jenkins’s testimony indicates that Harvey hit her in the face to effect an immediate escape from the store with merchandise for which he could not produce a receipt. This constituted evidence of robbery in the third degree. Contra Ex parte Sapp, 497 So.2d 550 (Ala.1986) (no robbery where force not used in committing theft or in immediate flight after theft), and Casher v. State, 469 So.2d 679 (Ala.Cr.App.1985) (no robbery where force used only to escape after attempt at theft foiled).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.