MOORE, Chief Justice
(dissenting).
By an unpublished memorandum, the Court of Criminal Appeals affirmed Willie Conner’s conviction for first-degree robbery and his sentence of life imprisonment as a habitual felony offender. Conner v. State (No. CR-12-2005, Jan. 31, 2014), — *559 So.3d - (Ala.Crim.App.2014) (table). Because the undisputed facts demonstrate that Conner was not armed with a gun at the time of the theft, he could not be guilty of first-degree robbery. Therefore, I respectfully dissent from the decision to deny his petition for a writ of certiorari.
The relevant facts are as follows. On July 5, 2012, a cashier at a Lowe’s home-improvement store in Foley informed Alvin Barnard, a loss-prevention manager at the store, that he had seen a man leave the store and it “looked like he had something in his pants.” Later that day the cashier informed Barnard that the same man, subsequently identified as Conner, was back in the store. Barnard viewed Conner on the store’s video-surveillance system and saw him take a roofing nailer from a shelf in the tool department, place it down the front of his pants, and leave the store without paying for the roofing nailer.
Barnard and a colleague followed Conner, stopped him, identified themselves as loss-prevention managers, and asked Conner to come back into the store. Once inside the store, Conner said “I have a gun” and stuck his hand in his right front pants pocket. Perceiving Conner’s statement and movement as a threat of physical harm, Barnard wrestled Conner to the ground and subdued him. Barnard then searched Conner’s pockets, finding only a folding knife, which he removed. Conner also surrendered the nailer to Barnard. Without resisting, Conner allowed Barnard to escort him to the security office, where he signed a statement admitting the theft.
After a Foley police officer arrived, Conner told the officer that he had not intended to resist Barnard but had lost his balance because of the weight of the nailer in his pants. He admitted that he had said he had a gun but stated that he was referring to the nailer as a “nail gun.” Barnard and the police officer testified for the prosecution at trial. The defense rested without calling any witnesses. The trial court charged the jury on first-degree robbery and the lesser-included offenses of third-degree robbery and third-degree theft of property. The jury returned a verdict finding Conner guilty of first-degree robbery as charged in the indictment.
Conner appeared for sentencing on August 30, 2013. The State presented uncontested evidence that Conner had been convicted of three prior Class C felonies for theft of property in the second degree. See § 13A-8-4, Ala.Code 1975. Because first-degree robbery is a Class A felony, the trial court was compelled to sentence Conner as a habitual felony offender to either life imprisonment or life imprisonment without the possibility of parole. See § 13A-5-9, Ala.Code 1975. The trial judge sentenced Conner to life imprisonment.
Conner appealed, arguing that the reference to a gun and the ensuing scuffle occurred after the theft was completed and therefore could not convert the theft into a robbery. See Ex parte Sapp, 497 So.2d 550 (Ala.1986). The Court of Criminal Appeals disagreed, citing Ingram v. State, 878 So.2d 1208 (Ala.Crim.App.2003), for the proposition that “the force in this case was used in the immediate flight after the theft and not after the theft had clearly ceased.” Conner also argued that he did not represent that he was armed because, when he said he had a gun, he was referring to the nailer as a “gun” and not to a firearm. Viewing the evidence in a light most favorable to sustain the verdict, the Court of Criminal Appeals held that, even though Conner did not have a gun, his oral representation to that effect was sufficient to satisfy the armed-with-a-deadly-weapon element of first-degree robbery. § 13A-8-41(a)(l), Ala.Code 1975.
In his pro se petition for a writ of certio-rari, Conner argues only that the Court of *560 Criminal Appeals was incorrect in finding that the theft had not ceased at the time Conner allegedly threatened Barnard.
The Court of Criminal Appeals decided that the sequence of events that followed Conner’s concealment of the nailer in his pants was a continuous course of conduct in which Conner attempted to escape with the merchandise and was thwarted by the loss-prevention officers. In Ex parte Sapp, in which this Court held that the theft had ceased before an altercation occurred, the thief successfully left the store, with a stolen jacket. When on his own initiative he returned 5 to 10 minutes later wearing the jacket, a security officer recognized the store’s merchandise and apprehended him. 497 So.2d at 551. In this case Conner did not return voluntarily to Lowe’s with the nail gun. Instead, the loss-prevention officers stopped him as he left the store and escorted him back inside where Conner uttered the alleged threat.
“[Section] 13A-8-41 ... creates the offense of robbery in the first degree:
“ !(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
“ ‘(1) Is armed with a deadly weapon or dangerous instrument; or
“ ‘(2) Causes serious physical injury to another.
“ ‘(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.’
“Under that section, the offender must violate § 13A-8-43:
“ ‘(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“ ‘(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“‘(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.’ ”
Ex parte Sapp, 497 So.2d at 550-51 (emphasis added). “Thus, to be found guilty under these statutes, the force or threat must have been used ‘in the course of committing’ the theft, which, by statutory definition, § 13A-8-40, ‘embraces acts which occur ... in immediate flight after the attempt or commission.’ ” Sapp, 497 So.2d at 551.
Because Conner’s alleged threat of force occurred in the course of committing a theft, namely “in immediate flight” after the commission of the theft, § 13A-8-40(b), his petition, which raises no other ground for issuing the writ, is unavailing. Ordinarily that would be the end of the matter. However, a significant error on the face of the Court of Criminal Appeals’ unpublished memorandum compels me to dissent. In rare circumstances this Court may consider an issue that the petitioner failed to raise. “In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion....” Rule 2(b), Ala. R.App. P.' (emphasis added). The Committee Comments to Rule 2 state: “This rule contemplates that an appellate court may relieve a litigant of the consequences of default where manifest injustice would otherwise result.” (Emphasis added.)
The crux of the Court of Criminal Appeals’ error is its misconstruction of the *561 following passage in the first-degree-robbery statute:
“Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.”
§ 13A-8-41(b), Ala.Code 1975 (emphasis added). Conner’s statement that he had a gun was not conclusive evidence that he was “so armed”; it was only prima facie evidence. The jury was entitled to rely on the threat alone as evidence that Conner was armed only if that evidence was not contradicted. “Prima facie evidence” is “[ejvidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.” Black’s Law Dictionary 677 (10th ed.2014) (emphasis added).
When a robber claims to have a weapon but does not actually display one, the evidence going to prove whether he actually was armed may be disputed. If the robber escapes before being apprehended, the jury may infer that he discarded the alleged weapon. But when a perpetrator like Conner is apprehended on the spot immediately after threatening the use of force by stating that he had a “gun,” and no gun is found on his person, the presumption that he is armed is conclusively rebutted. In this case evidence was presented that a threat of imminent use of force occurred, thus satisfying the third-degree-robbery statute, § 13A-8-43(a)(2), but the element in the first-degree-robbery statute of being “armed with a deadly weapon or dangerous instrument” was not proven.[3] “The presence of a gun elevates third degree robbery to first degree robbery.” Ex parte Curry, 471 So.2d 476, 478 (Ala.1984). The commentary to §§ 13A-8-40 through 44 notes that “it is sometimes difficult to prove that defendant actually was armed with a dangerous weapon, unless he is apprehended at the scene.” (Emphasis added.) Conner was apprehended at the scene, and he did not have a gun. “If in fact the defendant refutes [the presumption that he is armed], he may still be convicted of robbery in a lesser degree.” §§ 13A-8-40 through 13A-8-44 Commentary. Because the Court of Criminal Appeals’ unpublished memorandum states as a fact that Conner did not have a gun, the presumption was rebutted by the State’s own evidence that was introduced at trial and that was before the Court of Criminal Appeals on appeal. Conner may therefore be convicted of “robbery in a lesser degree,” but not of first-degree robbery.
Nevertheless, the Court of Criminal Appeals concluded that the State provided sufficient evidence to prove that Conner was armed with a deadly weapon: “Although Conner did not have a gun at the *562 time, his claim that he had a gun was a sufficient verbal representation that he was armed with a deadly weapon. The State therefore presented sufficient evidence to satisfy the elements of first-degree robbery.” The Court of Criminal Appeals thus converted a rebuttable presumption into a conclusive presumption, contrary to the plain language of § 13A-8-41(b).[4]
A more adequate analysis occurred in James v. State, 405 So.2d 71 (Ala.Crim. App.1981). In that case “while no weapon was actually displayed, the defendant, by placing his hand inside his coat pocket, gave the victim the impression that he was armed with a pistol.” 405 So.2d at 72. Because the victim reasonably believed that James was armed with a deadly weapon, the State had made a prima facie case that James was armed with a deadly weapon.
“A conviction of first degree robbery does not require evidence that the accused brandished or displayed any weapon. Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation.”
James, 405 So.2d at 73 (emphasis added). Although the James court incorrectly stated that “in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument,”[5] 405 So.2d at 73, it did correctly acknowledge that the prima facie case could be rebutted. The court concluded:
“Here the defendant’s actions instilled in the victim the reasonable belief that he was armed with a pistol. Under Section 13A-8-41(b) this constituted pri-ma facie evidence that the defendant was so armed. Since there was no evidence to rebut this presumption and as the State proved all the other elements of robbery in the first degree, the defendant’s conviction must stand.”
405 So.2d at 73 (emphasis added). See also Herndon v. State, 563 So.2d 1065, 1070 (Ala.1990) (noting “that the presumption in § 13A-841(b) can be rebutted”).
In this case, by contrast, the evidence conclusively rebutted the presumption that Conner was armed with a gun. By omitting an essential step of the analysis, the Court of Criminal Appeals erred in affirming Conner’s conviction for first-degree *563 robbery and the mandatory minimum sentence of life imprisonment.[6]
Good cause exists under Rule 2(b), Ala. R.App. P., for this Court, on its own motion, to grant Conner’s petition based on (1) an erroneous conclusion of law by the trial court and by the Court of Criminal Appeals (and nozo ignored by this Court) that Conner is guilty of first-degree robbery although he was not in possession of a gun, and (2) the affirming of a life sentence for a crime Conner could not be guilty of committing under the facts of this case. Although stating facts that demonstrate that Conner was not guilty of first-degree robbery — “Conner did not have a gun” — the Court of Criminal Appeals nonetheless affirmed his conviction for that crime.
If we were to overturn Conner’s conviction for first-degree robbery, a Class A felony, and remand for resentencing on the lesser-included offense of third-degree robbery, a Class C felony, Conner’s minimum sentence under the habitual-felony-offender statute would be 15 years as opposed to life imprisonment. § 13A — 5—9(c)(1) and (3), Ala.Code 1975. Surely a mandatory minimum sentence of life imprisonment is a manifest injustice when, under a correct reading of the robbery statutes, the minimum available sentence is 15 years.

. Justice Shaw’s special concurrence argues unconvincingly that the folding knife could be considered a deadly weapon. As Justice Mur-dock notes in his dissent, Conner made no oral representation about the folding knife. Additionally, I note that a pocketknife is not considered a deadly weapon unless it is used as such. "While a pocketknife may not be deadly per se and ordinarily has lawful functions and uses, it may or may not be deemed a deadly weapon, depending on the manner of its use.” Cline v. State, 571 So.2d 368, 371 (Ala.Crim.App.1990). See also Goodgame v. State, 593 So.2d 153 (Ala.Crim.App.1991) (holding that where a defendant displayed the blade of a pocketknife and threatened to stab the victim, the question of whether the knife was a deadly weapon was for the jury to decide); Thomas v. State, 31 Ala.App. 1, 4, 9 So.2d 150, 153 (1942) (noting that "a [pen-knifejis a deadly weapon — when used as here shown " (final emphasis added)). Conner neither used nor threatened to use the knife in any fashion.

. Section 13A-8-41(b) may also be unconstitutional on its face by impermissibly shifting to the defendant the burden of proof on the deadly weapon element. By using the phrase “is prima facie evidence” rather than the phrase “may be considered as prima facie evidence,” § 13A-8-41(b) appears to create a mandatory rather than a permissive presumption. "Mandatory presumptions ‘violate the Due Process Clause [because] they relieve the State of the burden of persuasion on an element of an offense.’ " Townes v. State, [Ms. CR-10-1892, June 13, 2014] - So.3d -, -(Ala.Crim.App.2014) (quoting Francis v. Franklin, 471 U.S. 307, 314, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)). See also Beard v. State, 612 So.2d 1335 (Ala.Crim.App.1992).

. Other cases have made this error. See, e.g., Dick v. State, 677 So.2d 1267, 1270 (Ala.Crim. App.1996) (noting that " '[t]his court has held on several occasions that it is not necessary to prove that a defendant displayed a gun during a robbery or that he actually had a gun to sustain a conviction for Robbery in the First Degree’ ” (quoting Stewart v. State, 443 So.2d 1362, 1363-64 (Ala.Crim.App.1983)) (emphasis added)); Holt v. State, 960 So.2d 726, 739 n. 6 (Ala.Crim.App.2006) (stating that "an accused need not actually be armed with a deadly weapon to be convicted of robbery in the first degree”). For an analysis of this problem, see Lucas v. State, 45 So.3d 380, 394-98 (Ala.Crim.App.2009) (Welch, J., dissenting).

. Justice Shaw's special concurrence notes that we do not have the jury instructions before us or the actual testimony, if any, as to the perceived role of the folding knife. In my view these uncertainties, when coupled with the clear legal error on the face of the unpublished memorandum of the Court of Criminal Appeals, provide additional argument for granting the petition.