The defendant was indicted and convicted for robbery in the first degree. Section 13A-8-41, Alabama Code 1975 (Amended 1977). Sentence was life imprisonment without parole under the Habitual Felony Offender Act.
 I
The defendant maintains that his motion to exclude the State's evidence should have been granted because the State failed to prove that the defendant was armed with a pistol as charged in the indictment in that the victim never actually saw the weapon.
The indictment charged that the defendant committed the crime of robbery while "armed with a deadly weapon, a pistol." The evidence reveals that, while no weapon was actually displayed, the defendant, by placing his hand inside his coat pocket, gave the victim the impression that he was armed with a pistol. While it is without dispute that no one at any time actually observed the defendant with a pistol, it is equally without dispute that the victim thought he had one. The victim's testimony on this point is best summarized in the following portion of the record.
 "Q. Okay. When he pointed his hand at you like that (indicating), were you afraid?
"A. When he pointed his hand?
"Q. No, you said that he had _ _ _
"A. He didn't point his hand; he had a gun.
"Q. Did you see the gun?
"A. I saw he had the gun in his pocket.
"Q. Did you see the gun?
 "A. Did I actually see the gun? I saw that he had a gun in his pocket.
"Q. Well _ _ _
"A. There's your answer.
"Q. What kind of gun was it?
"A. How could I see it when it was in his pocket?
"I mean, I didn't see it. It was in his pocket.
"Q. So, you didn't see the gun?
"A. I saw it was in his pocket.
"Q. What kind of gun was it?
"A. It was in his pocket.
"Q. You thought he had a gun?
 "A. No, I saw he had a gun. I saw that he had a gun in his pocket."
* * * * * *
"Q. Did you see the gun?
"A. I did not actually see the gun.
 "Q. All right. So, you don't know whether he had a gun, then, or not, do you?
"A. Let me tell you _ _ _ *Page 73 
 "Q. Yes, or not? Please. You don't know whether he had a gun, or not, do you?
"A. He had the gun.
"Q. Did you see the gun?
"A. I didn't see it, but he had it.
"Q. You thought he had a gun.
"A. He _ _ _
"Q. That's all I'm asking you, Miss White.
 "You thought he had a gun. You didn't see a gun, did you?
"A. That's all that matters."
The relevant portions of Section 13A-8-41, Alabama Code 1975 (Amended 1977), defining robbery in the first degree, provide:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; . . ."
* * * * * *
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."
The comments to Section 13A-8-44 are helpful in deciding the issue under review.
 "A difficult area is robbery by use of an unloaded, inoperable or dummy weapon. The basic theory of this article is to protect the citizen from fear for his or another's health and safety. This should be aggravated only when there is actual serious physical injury inflicted or when the robber possesses an instrument which is readily capable of inflicting such injuries. However, it is sometimes difficult to prove that defendant actually was armed with a dangerous weapon, unless he is apprehended at the scene. In an effort to balance the needs for enforcement with the demands for appropriate penalties, Section 13A-8-41 makes possession of an object reasonably believed to be a `deadly weapon' or `dangerous instrument', as defined in Section 13A-1-2, or a representation by the defendant that he has one, prima facie evidence that he is armed. If in fact the defendant refutes this, he may still be convicted of robbery in a lesser degree."
A conviction of first degree robbery does not require evidence that the accused brandished or displayed any weapon. Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation. To find as a matter of law that where a gun is not seen a defendant cannot be convicted of first degree robbery would allow all would be robbers to keep a gun or other dangerous weapon concealed during the crime to be used only if needed. State v. Cooper, 140 N.J. Super. 28, 354 A.2d 713
(1976). Under our statute, such an interpretation would defeat the intent of the legislature and "basic theory" of the statute to "protect the citizen from fear for his or another's health and safety."
Here the defendant's actions instilled in the victim the reasonable belief that he was armed with a pistol. Under Section 13A-8-41 (b) this constituted prima facie evidence[1]
that the defendant was so armed. Since there was no evidence to rebut this presumption and as the State proved all the other elements of robbery in the first degree, the defendant's conviction must stand. *Page 74 
 II
The defendant argues that the Habitual Felony Offender Act, Section 13A-5-9, Alabama Code 1975 (Amended 1977), should be applied prospectively so as to punish only those repeat offenders who have committed and been convicted of all of their crimes after January 1, 1980 — the effective date of Section13A-5-9 and Alabama's new criminal code. Section 13A-1-7.
Regardless of whether the term "retroactive" or "ex post facto" is employed, the argument advanced by the defendant is essentially the same as that presented and decided adversely to the defendant's position in Smith v. State, 392 So.2d 1273
(Ala.Cr.App. 1980); Watson v. State, 392 So.2d 1274
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981);Wilson v. State, 371 So.2d 932 (Ala.Cr.App. 1978), affirmed,371 So.2d 943 (Ala. 1979). The obvious intent of the legislature in enacting the Habitual Felony Offender Act was to authorize the infliction of a more severe penalty on one who is a persistent offender regardless of when the prior convictions occurred and even if they occurred before the enactment of the act. Wilson, 371 So.2d at 940; Watson, 392 So.2d at 1279.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] "Prima facie evidence. Evidence good and sufficient on its face; such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which if not rebutted or contradicted, will remain sufficient. Prima facie evidence is evidence which, if unexplained or uncontradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence."
Black's Law Dictionary, 1071 (5th ed. 1979).