TYSON, Judge.
Lee Ernest Davis, Jr. was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged *1211 in the indictment” and he was sentenced to life imprisonment without parole.
On the night of November 23, 1983, Albert Reid and Jack Carson were working at a U-Totem in Birmingham. At approximately 11:45 p.m., the appellant entered the store. At this time, Reid was at the cash register and Carson was in the cooler area. The appellant approached Reid and said, “Give it up.” (R. 14). He then reached inside his jacket and started to remove a sawed-off shotgun. Reid jumped over the counter and the two began struggling. During this encounter, the shotgun fell to the floor.
In the meantime, Carson came out of the cooler area and sounded the alarm. Carson and Reid kept the appellant subdued until the police arrived.
I
The appellant’s principal contention on appeal is that the trial court erred by refusing to charge the jury on the offense of robbery in the third degree.
Section 13A-8-41(b), Code of Alabama 1975 creates a presumption that “any firearm is a deadly weapon for purposes of bringing the offense within the definition of robbery in the first degree.... ” Carter v. State, 420 So.2d 292, 294 (Ala.Crim.App.), cert. denied, 420 So.2d 292 (Ala.1982). “In order to reduce the grade of the offense, the defendant must then rebut the presumption_” Carter, supra at 294.
The appellant asserts that he did, in fact, rebut the presumption that the shotgun was a deadly weapon because there was no evidence that the gun was operable or loaded during the robbery.
The record clearly does not support this argument. Officer Richard E. Jones of the Birmingham Police Department testified that when he received the shotgun at the scene, he opened the breech and removed a shotgun shell. (R. 31). Furthermore, he stated that the shotgun “seemed to be in good working condition” because he cocked the shotgun and “dry fired” it. (R. 35).
The appellant presented no evidence to rebut the presumption that this shotgun was, in fact, a deadly weapon. Moreover, even though the State is not required to prove that the shotgun was loaded and operable, evidence was presented that the gun was, in fact, loaded and operable. Carter, supra.
Therefore, the trial judge properly refused to charge the jury on the lesser included offense of robbery in the third degree.
The appellant’s written requested charges number two and three were properly refused as they are incorrect statements of the law. Hope v. State, 390 So.2d 1077 (Ala.Crim.App.1980). Section 12-16-13, Code of Alabama 1975.
For the reasons shown, this case is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.