TAYLOR, Judge. .
The appellant, Moses Summerville, was indicted and convicted of robbery in the first degree. He was sentenced as a habitual offender to imprisonment for life without parole.
The state produced five fitnesses who testified essentially that on June 13, 1986, the appellant entered a Taco Bell restaurant in Jefferson County, wearing a heavy coat and sweater. He walked in and out of the restaurant several times and spent considerable time in the restroom. He emerged from the restroom with his hand in his coat pocket and approached the counter as if he were going to place an order. He began banging on the counter, saying that he had a bomb, and demanding the money from the cash register. When the employees fled, the appellant jumped over the counter and attempted to break into the cash drawers. Chris Lewis, an employee of Taco Bell, grabbed a pitcher of hot grease and threw it on the appellant. The appellant then left the restaurant and went across the street, where he stood until he was arrested by the authorities.
The appellant took the witness stand in his own behalf. He testified that he entered Taco Bell, tried to place an order with Chris Lewis, and asked Lewis if he could pay the next time he came in. He testified that Lewis told him to “fuck off,” and told him to wait at the counter. He testified that Lewis went to the back, returned, and threw grease on him. He also stated that all of the state’s witnesses were lying.
I
The appellant asserts that the trial court should have granted his “Motion for Judgment of Acquittal” and “Motion for New Trial” and should have sustained objections to an oral charge of robbery in the first degree, solely because the appellant claims that he rebutted the prima facie case of robbery in the first degree established by the state. In support of this assertion, the appellant points us to several cases, one of those being James v. State, 405 So.2d 71 (Ala.Cr.App.1981). While the facts of James are similar and its holding pertinent, it does not stand for the proposition for which the appellant offers it. In James we stated:
“A conviction of first degree robbery does not require evidence that the accused brandished or displayed any weapon. Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation.” James v. State, 405 So. 2d at 73.
In the case now before us, the state proved a prima facie case of robbery in the first degree. The appellant offered, by his own testimony, evidence to rebut that proffered by the state. However, this does not entitle the appellant to a judgment of acquittal, a new trial, or sustained objections to jury charges explaining robbery in the first degree.
Where conflicting evidence is presented, the question of guilt is to be submitted to the jury for its consideration. A verdict rendered on such evidence will not be disturbed on appeal. Wright v. State, 423 So.2d 345 (Ala.Cr.App.1982).
II
The appellant next asserts that the trial court erred in sentencing him under Alabama’s Habitual Felony Offender Act. § 13A-5-9, Code of Alabama 1975. At the sentencing hearing the court considered what it found to be three felonies: two from the State of Ohio and one from the State of Georgia. Rule 6(b)(3)(iv), Alabama Temporary Rules of Criminal Procedure, provides in pertinent part:
“Any conviction in any jurisdiction, including Alabama, shall be considered and *180 determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony [under § 13A-l-2(4), Code of Alabama 1975], or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1,1980.”
The conviction in the State of Georgia was for the crime of attempting to commit burglary. When this is compared to pertinent Alabama statutes, we find, as the state concedes in its brief, that this crime would constitute a misdemeanor in Alabama. We agree with the Attorney General and counsel for the appellant that this offense should not have been considered in sentencing the appellant under the Habitual Felony Offender Act. The trial court erred in treating this conviction as a prior felony conviction; it should have considered only the other two. We must remand this case to the circuit court for sentencing.
Ill
The final issue raised by the appellant is whether the trial court erred in allowing into evidence an awl (“a pointed instrument for marking surfaces or piercing small holes (as in leather or wood),” Webster’s Third New International Dictionary 153, (1971)), found on the person of the appellant at the time of his arrest. We do not agree. The state offered it to show, presumably, that appellant had a weapon during the robbery. The state, in offering the awl into evidence, proved that it was taken from the appellant’s coat pocket at the time of his arrest, and proved a sufficient chain of custody. The state further proved that the awl was in the same condition at trial as it was when it was taken from the appellant. As we stated in Sommer v. State, 489 So.2d 643 (Ala.Cr.App. 1986):
“The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered [citations omitted] .... [I]t is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object at the commencement of the chain.” Sommer, 489 So.2d at 645.
A sufficient predicate was laid, and there was some relevance; the trial judge correctly overruled objections to the admission of the awl into evidence.
Having found no error prejudicial to the judgment of conviction in this case, it is affirmed. We remand this case to the circuit court with instructions to vacate the sentence previously imposed and to conduct a new sentencing hearing and resentence in a manner not inconsistent with this opinion.
CONVICTION AFFIRMED; REMANDED WITH DIRECTIONS AS TO SENTENCING.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Judge.
In accordance with our directions, the trial court set aside appellant’s sentence of life without parole. Summerville, having two prior felony convictions, was correctly sentenced to life imprisonment. The trial court has fully complied with our directions and the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.