ON RETURN TO REMAND
PATTERSON, Judge.
We remanded this ease to the trial court for further proceedings based upon information received from the circuit clerk indicating that developments required a resen-tencing that might render the appeal moot. 563 So.2d 1071. The trial court has filed a return showing that a new sentencing hearing was held on June 15, 1990, in which appellant was sentenced to life imprisonment for robbery in the first degree instead of the previous sentence of life imprisonment without the possibility of parole.
The matter before us is the appeal from the summary denial of appellant’s Rule 20 petition attacking his conviction, on December 3, 1980, for robbery in the first degree and sentence of life imprisonment without parole as a habitual felony offender. He previously appealed his conviction and sentence, and we affirmed, without opinion. James v. State, 405 So.2d 71 (Ala.Cr.App. 1981). Apparently, two of appellant’s prior felony convictions that had been used to enhance his sentence to life imprisonment without parole were set aside. The record does not disclose the nature of the proceedings. We adhere to our original opinion of April 12, 1990, that the issue raised, questioning the sufficiency of the evidence in his robbery conviction, in appellant’s Rule 20 petition is procedurally barred from review by the statute of limitations provision of Rule 20.2(c), and the issue raised pertaining to the application of the Habitual Felony Offender Act in sentencing him for robbery appears to be moot, and his appeal on that issue is due to be dismissed.
The judgment of the lower court denying the petition is due to be, and it is hereby, *256 affirmed as to the sufficiency of the evidence issue, and the appeal is dismissed as to the sentencing issue.
OPINION EXTENDED; AFFIRMED IN PART; APPEAL DISMISSED IN PART.
All Judges concur.