BOWEN, Judge.
Hoover Leverne Goodgame, the appellant, was convicted of robbery in the first degree and was sentenced to life imprisonment as a habitual felony offender. He raises two issues on this appeal from that conviction.
I.
The appellant contends that the State failed to prove the elements of first degree robbery because the State failed to show that he was armed with a “deadly weapon or dangerous instrument.” Actually, the appellant’s argument is that the knife he used was not a deadly weapon or dangerous instrument.
The evidence shows that the appellant and Melvin Harris committed a robbery at Mrs. Winner’s Restaurant on November 4, 1989. The appellant was armed with a poeketknife, which he opened to display the blade. Restaurant employee Diane Townsend testified that the appellant had “a little bitty knife, a little knife.” R-65. She testified that the appellant said, “You better just give me the money before I start stabbing.” R-73 The knife was not introduced at trial.
This issue was not specifically raised at trial. The ground for the motion for the judgment of acquittal was that “[tjhere’s not enough testimony to make out a prima facie case.” R-76.
However, even if we consider this issue preserved for review, the appellant’s argument is without merit. “A poeketknife may or may not be a deadly weapon.” Webb v. State, 100 Ala. 47, 52, 14 So. 865, 867 (1894). See also Johnson v. State, 406 So.2d 451, 453 (Ala.Cr.App.1981); Annot., 100 A.L.R.3d 287 (1980). However, “a knife, capable of making a wound 2¼ inches deep, must be classed as a deadly instrument.” Ex parte Nettles, 58 Ala. 268, 276 (1877). Even a “penknife” is a deadly weapon when used to strike a person in the neck. Thomas v. State, 31 Ala. App. 1, 4, 9 So.2d 150, 153 (1942).
“[A]ny knife, as used to cut or stab a person, is ‘highly capable of causing death or serious physical injury’ and is therefore within the definition of a dangerous weapon. Ala.Code Section 13A-1-2(12).” Thatch v. State, 432 So.2d 8, 9 (Ala.Cr.App. 1983). In Sylvester v. State, 71 Ala. 17, 26 (1881), the court held that the defendant’s written requested charges were properly refused because "[tjhey further falsely assume as a truism, that an ordinary pocketknife, capable in its use of producing death, may not be a deadly weapon.”
Here, the appellant not only displayed the blade of the poeketknife, but threatened to stab the victim if she did not give him the money. Under these facts, the question of whether the knife used by the appellant was a deadly weapon or dangerous instrument was a question for the jury.
II.
Birmingham Police Officer John Bo-rella was improperly allowed to testify that it was “reported” to him that a weapon was used in the offense. While this constituted inadmissible hearsay, Ex parte Snell, 565 So.2d 271 (Ala.1990), its admission was harmless. Two witnesses testified without objection that the appellant displayed a knife, and one of those witnesses testified that the appellant threatened to “start stabbing.” “The rule is that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred.” Yelton v. State, 294 Ala. 340, 342, 317 So.2d 331, 333 (1974).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.