REL:09/26/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130650

_____

### Ex parte Willie Conner

### PETITION FOR WRIT OF CERTIORARI
### TO THE COURT OF CRIMINAL APPEALS

### (In re:  Willie Conner

### v.

### State of Alabama)

### (Baldwin Circuit Court, CC-12-1861;
### Court of Criminal Appeals, CR-12-2005)

SHAW, Justice.

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Main, Wise, and Bryan, JJ., concur.

1130650

Shaw, J., concurs specially.

Moore, C.J., and Parker and Murdock, JJ., dissent.

1130650

SHAW, Justice (concurring specially).

I concur to deny the petition.

The petitioner, Willie Conner, was seen at a home-improvement store placing a "roofing nailer" in his pants. Two "loss-prevention managers" approached Conner after he left the store without purchasing the nailer.[1] When they attempted to escort Conner back inside the store, Conner declared that he had a gun, and he attempted to reach into his pocket. He then struggled with the loss-prevention managers. After Conner was detained, a "folding knife" was found in his pocket. Conner was ultimately convicted of first-degree robbery. See Ala. Code 1975, § 13A-8-41.

Conner raises one issue in his certiorari petition. That issue, even the authors of the dissenting opinions appear to agree, contains no probability of merit. See Rule 39(f), Ala. R. App. P. Chief Justice Moore and Justice Murdock, who dissent, however, have discerned another issue upon which to grant certiorari review: Whether there was sufficient evidence to sustain a conviction for first-degree robbery, namely, whether Conner was armed with a deadly weapon or

_____

[1]The loss-prevention managers also suspected Conner of a theft that had occurred earlier that day.

3

dangerous instrument. In this writing, I will explain why I do not believe a review of that issue is proper or necessary.

First, it must be noted that on preliminary examination of a certiorari petition, i.e., when reviewing a request to take up the case on appeal from the lower appellate court, this Court has before it very limited facts. Here, the facts as stated in the Court of Criminals Appeals' unpublished memorandum are properly before this Court for review. Rule 39(k), Ala. R. App. P. A petitioner may attempt to add certain facts found in the record, but Conner has not attempted to do so. See Rule 39(d)(5)(A). Thus, only those facts stated in the Court of Criminal Appeals' unpublished memorandum are before us. Conner v. State (No. CR-12-2005, Jan. 31, 2014) ___ So. 3d ___ (Ala. Crim. App. 2014) (table).

Additionally, the standard of review on appeal from a challenge to the sufficiency of the evidence in a criminal case is as follows: The appellate court must accept as true all evidence introduced by the State, recognize all legitimate inferences in favor of the State from that evidence, and consider all evidence in a light most favorable to the State.

1130650

See Gavin v. State, 891 So. 2d 907, 974 (Ala. Crim. App. 2003).[2]

Conner was convicted of first-degree robbery. That crime is defined at Ala. Code 1975, § 13A-8-41:

> "(a) A person commits the crime of robbery in the first degree if he violates [Ala. Code 1975,] Section 13A-8-43 [robbery in the third degree] and he:
>
>> "(1) Is armed with a deadly weapon or dangerous instrument ...."

Further:

> "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."

There is apparently no dispute that the elements of § 13A-8-43, Ala. Code 1975, were met in this case. Thus, the only remaining element that must be met for Conner to be convicted of first-degree robbery is that he was armed with "a deadly weapon or dangerous instrument."

---

[2]Conner's case is not yet before this Court on appeal; it is pending on preliminary examination. Nevertheless, this standard is helpful in determining whether the petition presents probability of merit.

1130650

Conner makes no attempt to argue that he was not so armed. In fact, during the course of the underlying robbery, he was in possession of a "folding knife," as well as the roofing nailer. That a jury can find that a knife is "a deadly weapon or dangerous instrument" is a proposition beyond dispute. That a jury as a matter of law could not find that a roofing nailer is a deadly weapon is a conclusion I am not prepared to make, especially in light of the fact that we are not presented with such a question and, further, because there is not a hint in the facts before us indicating whether (1) the roofing nailer was in a condition capable of being fired when the robbery occurred or (2) whether a roofing nailer can produce a deadly injury.

To call Conner's folding knife a "pocketknife" might minimize its nature as a weapon, but doing so requires the Court to make inferences in favor of Conner and against the State and further requires the Court to create nonexistent facts. As noted above, this would be contrary to the standard an appellate court would apply to view the evidence and contrary to the actual facts before us.

1130650

Chief Justice Moore cites <u>Cline v. State</u>, 571 So. 2d 368, 370-71 (Ala. Crim. App. 1990), for the proposition that a folding knife "is not considered a deadly weapon unless used as such." ___ So. 3d at ___. <u>Cline</u> discusses whether a "pocketknife" in that case was a deadly weapon. Nevertheless, in <u>Smith v. State</u>, 601 So. 2d 201 (Ala. Crim. App. 1992), a case decided two years after <u>Cline</u>, the court held that an object the perpetrator had in his hand and placed on a shelf, but that the victim could not identify and that was later determined to be a "pocketknife," was a deadly weapon:

> "Finally, the victim's testimony that Smith appeared to have something in his hand when he threatened her and that he placed this object on the shelf above her bed, coupled with evidence that an open pocket knife that did not belong to the victim was found on the shelf above the victim's bed, was clearly sufficient to establish that Smith had been armed with a knife while effecting entry or while in the victim's dwelling. <u>See</u> <u>Pardue v. State</u>, 571 So. 2d 333 (Ala. 1990). Because a knife is a deadly weapon ... the State clearly established that Smith was armed with a deadly weapon ...."

601 So. 2d at 205-06. The perpetrator in <u>Smith</u> did not "use" the pocketknife in any manner, much less as a deadly weapon. In <u>Goodgame v. State</u>, 593 So. 2d 153, 154 (Ala. Crim. App. 1991), what was described by a witness as "'a little bitty knife, a little knife,'" which the perpetrator displayed and

7

threatened to use to stab the victim but was not actually "used" as a deadly weapon, was nevertheless considered a deadly weapon for purposes of establishing the offense of first-degree robbery.

In the instant case, Conner had a knife in his pocket. He attempted to reach into one of his pockets while he was struggling with the loss-prevention managers. His "use" of the knife was no less than the defendant's in Smith. The facts that the knife might have been a mere pocketknife or even a "little bitty" knife and was not "used" as a deadly weapon does not mean that the jury could not have concluded that it was a deadly weapon. Goodgame, supra. That Conner declared that he had a gun but actually had a knife is not material under § 13A-8-41(a)(1).

Nevertheless, we do not have before us a description of the knife. We know nothing about it or what the jury observed. We cannot determine if it is a deadly weapon like the knives specifically described in Ala. Code 1975, § 13A-1-2(7). See Johnson v. State, 406 So. 2d 451 (Ala. Crim. App. 1981) (concluding from the description of a knife in the record and the fact that it could cut a telephone cord that,

8

despite the fact that it did not conform with the statutory description of knives that constituted deadly weapons, it nevertheless was a deadly weapon). In any event, it would require speculation to presume, and would be contrary to the standard of review, that the evidence regarding the knife does not support the State's case. I further point out that any notion that, if a person declares that he is armed with one type of deadly weapon but is instead armed with a different type of deadly weapon, then he, as a matter of law, was not "armed with a deadly weapon" under § 13A-8-41(a)(1) should not be inferred from this case and should be rejected as unprecedented.

Although the Court of Criminal Appeals gratuitously examined whether Conner could be considered armed under § 13A-8-41(b)--I say gratuitously because the court held that the issue had not been preserved for review--nothing suggests that that issue was actually presented to the jury. Specifically, nothing before us suggests that the jury was instructed that it should find Conner guilty of first-degree robbery because he said he possessed a "gun." For all we know, the jury was instructed that it could find Conner guilty

1130650

if he simply possessed a deadly weapon, § 13A-8-41(a)(1), and I see sufficient facts before us that would indicate no probability of merit in an argument otherwise.

When this Court, hamstrung by limited facts and arguments, searches for extraneous wrongs raised by no one and not preserved for review, it will undoubtedly believe that it has spotted some. In our adversarial system, however, we should rely on the parties to raise issues they believe worthy of review. Conner identified to the Court of Criminal Appeals certain issues he challenged on appeal. That court addressed them. He then asked this Court to review portions of that ruling. I see nothing indicating any probability of merit in the issue Conner actually raises. See Rule 39(f), Ala. R. App. P. Therefore, I concur to deny the petition.

1130650

MOORE, Chief Justice (dissenting).

By an unpublished memorandum, the Court of Criminal Appeals affirmed Willie Conner's conviction for first-degree robbery and his sentence of life imprisonment as a habitual felony offender. Conner v. State (No. CR-12-2005, Jan. 31, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014) (table). Because the undisputed facts demonstrate that Conner was not armed with a gun at the time of the theft, he could not be guilty of first-degree robbery. Therefore, I respectfully dissent from the decision to deny his petition for a writ of certiorari.

The relevant facts are as follows. On July 5, 2012, a cashier at a Lowe's home-improvement store in Foley informed Alvin Barnard, a loss-prevention manager at the store, that he had seen a man leave the store and it "looked like he had something in his pants." Later that day the cashier informed Barnard that the same man, subsequently identified as Conner, was back in the store. Barnard viewed Conner on the store's video-surveillance system and saw him take a roofing nailer from a shelf in the tool department, place it down the front of his pants, and leave the store without paying for the roofing nailer.

11

Barnard and a colleague followed Conner, stopped him, identified themselves as loss-prevention managers, and asked Conner to come back into the store. Once inside the store, Conner said "I have a gun" and stuck his hand in his right-front pants pocket. Perceiving Conner's statement and movement as a threat of physical harm, Barnard wrestled Conner to the ground and subdued him. Barnard then searched Conner's pockets, finding only a folding knife, which he removed. Conner also surrendered the nailer to Barnard. Without resisting, Conner allowed Barnard to escort him to the security office, where he signed a statement admitting the theft.

After a Foley police officer arrived, Conner told the officer that he had not intended to resist Barnard but had lost his balance because of the weight of the nailer in his pants. He admitted that he had said he had a gun but stated that he was referring to the nailer as a "nail gun." Barnard and the police officer testified for the prosecution at trial. The defense rested without calling any witnesses. The trial court charged the jury on first-degree robbery and the lesser-included offenses of third-degree robbery and third-degree

12

theft of property. The jury returned a verdict finding Conner guilty of first-degree robbery as charged in the indictment.

Conner appeared for sentencing on August 30, 2013. The State presented uncontested evidence that Conner had been convicted of three prior Class C felonies for theft of property in the second degree. See § 13A-8-4, Ala. Code 1975. Because first-degree robbery is a Class A felony, the trial court was compelled to sentence Conner as a habitual felony offender to either life imprisonment or life imprisonment without the possibility of parole. See § 13A-5-9, Ala. Code 1975. The trial judge sentenced Conner to life imprisonment.

Conner appealed, arguing that the reference to a gun and the ensuing scuffle occurred after the theft was completed and therefore could not convert the theft into a robbery. See Ex parte Sapp, 497 So. 2d 550 (Ala. 1986). The Court of Criminal Appeals disagreed, citing Ingram v. State, 878 So. 2d 1208 (Ala. Crim. App. 2003), for the proposition that "the force in this case was used in the immediate flight after the theft and not after the theft had clearly ceased." Conner also argued that he did not represent that he was armed because, when he said he had a gun, he was referring to the nailer as a "gun"

13

and not to a firearm. Viewing the evidence in a light most favorable to sustain the verdict, the Court of Criminal Appeals held that, even though Conner did not have a gun, his oral representation to that effect was sufficient to satisfy the armed-with-a-deadly-weapon element of first-degree robbery. § 13A-8-41(a)(1), Ala. Code 1975.

In his pro se petition for a writ of certiorari, Conner argues only that the Court of Criminal Appeals was incorrect in finding that the theft had not ceased at the time Conner allegedly threatened Barnard.

The Court of Criminal Appeals decided that the sequence of events that followed Conner's concealment of the nailer in his pants was a continuous course of conduct in which Conner attempted to escape with the merchandise and was thwarted by the loss-prevention officers. In Ex parte Sapp, in which this Court held that the theft had ceased before an altercation occurred, the thief successfully left the store with a stolen jacket. When on his own initiative he returned 5 to 10 minutes later wearing the jacket, a security officer recognized the store's merchandise and apprehended him. 497 So. 2d at 551. In this case Conner did not return voluntarily to Lowe's with the

14

1130650

nail gun. Instead, the loss-prevention officers stopped him as he left the store and escorted him back inside where Conner uttered the alleged threat.

"[Section] 13A-8-41 ... creates the offense of robbery in the first degree:

"'(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:

"'(1) Is armed with a deadly weapon or dangerous instrument; or

"'(2) Causes serious physical injury to another.

"'(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is <u>prima facie evidence under subsection (a) of this section that he was so armed</u>.'

"Under that section, the offender must violate § 13A-8-43:

"'(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:

"'(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or

15

"'(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.'"

Ex parte Sapp, 497 So. 2d at 550-51 (emphasis added). "Thus, to be found guilty under these statutes, the force or threat must have been used 'in the course of committing' the theft, which, by statutory definition, § 13A-8-40, 'embraces acts which occur ... in immediate flight after the attempt or commission.'" Sapp, 497 So. 2d at 551.

Because Conner's alleged threat of force occurred in the course of committing a theft, namely "in immediate flight" after the commission of the theft, § 13A-8-40(b), his petition, which raises no other ground for issuing the writ, is unavailing. Ordinarily that would be the end of the matter. However, a significant error on the face of the Court of Criminal Appeals' unpublished memorandum compels me to dissent. In rare circumstances this Court may consider an issue that the petitioner failed to raise. "In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a

16

party <u>or on its own motion</u> ...." Rule 2(b), Ala. R. App. P. (emphasis added). The Committee Comments to Rule 2 state: "This rule contemplates that an appellate court may relieve a litigant of the consequences of default <u>where manifest injustice would otherwise result</u>." (Emphasis added.)

The crux of the Court of Criminal Appeals' error is its misconstruction of the following passage in the first-degree-robbery statute:

> "Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is <u>prima facie evidence</u> under subsection (a) of this section that he was so armed."

§ 13A-8-41(b), Ala. Code 1975 (emphasis added). Conner's statement that he had a gun was not <u>conclusive</u> evidence that he was "so armed"; it was only <u>prima facie</u> evidence. The jury was entitled to rely on the threat alone as evidence that Conner was armed only if that evidence was not contradicted. "Prima facie evidence" is "[e]vidence that will establish a fact or sustain a judgment <u>unless contradictory evidence is produced</u>." <u>Black's Law Dictionary</u> 677 (10th ed. 2014) (emphasis added).

17

When a robber claims to have a weapon but does not actually display one, the evidence going to prove whether he actually was armed may be disputed. If the robber escapes before being apprehended, the jury may infer that he discarded the alleged weapon. But when a perpetrator like Conner is apprehended on the spot immediately after threatening the use of force by stating that he had a "gun," and no gun is found on his person, the presumption that he is armed is conclusively rebutted. In this case evidence was presented that a threat of imminent use of force occurred, thus satisfying the third-degree-robbery statute, § 13A-8-43(a)(2), but the element in the first-degree-robbery statute of being "armed with a deadly weapon or dangerous instrument" was not proven.[3] "The presence of a gun elevates third degree robbery

---

[3]Justice Shaw's special concurrence argues unconvincingly that the folding knife could be considered a deadly weapon. As Justice Murdock notes in his dissent, Conner made no oral representation about the folding knife. Additionally, I note that a pocketknife is not considered a deadly weapon unless it is used as such. "While a pocketknife may not be deadly per se and ordinarily has lawful functions and uses, it may or may not be deemed a deadly weapon, depending on the manner of its use." Cline v. State, 571 So. 2d 368, 371 (Ala. Crim. App. 1990). See also Goodgame v. State, 593 So. 2d 153 (Ala. Crim. App. 1991) (holding that where a defendant displayed the blade of a pocketknife and threatened to stab the victim, the question of whether the knife was a deadly weapon was for the jury to decide); Thomas v. State, 31 Ala. App. 1, 4, 9 So. 2d

18

to first degree robbery." Ex parte Curry, 471 So. 2d 476, 478 (Ala. 1984). The commentary to §§ 13A-8-40 through -44 notes that "it is sometimes difficult to prove that defendant actually was armed with a dangerous weapon, unless he is apprehended at the scene." (Emphasis added.) Conner was apprehended at the scene, and he did not have a gun. "If in fact the defendant refutes [the presumption that he is armed], he may still be convicted of robbery in a lesser degree." §§ 13A-8-40 through 13A-8-44 Commentary. Because the Court of Criminal Appeals' unpublished memorandum states as a fact that Conner did not have a gun, the presumption was rebutted by the State's own evidence that was introduced at trial and that was before the Court of Criminal Appeals on appeal. Conner may therefore be convicted of "robbery in a lesser degree," but not of first-degree robbery.

Nevertheless, the Court of Criminal Appeals concluded that the State provided sufficient evidence to prove that Conner was armed with a deadly weapon: "Although Conner did not have a gun at the time, his claim that he had a gun was a

---

150, 153 (1942) (noting that "a penknife is a deadly weapon -- when used as here shown" (final emphasis added)). Conner neither used nor threatened to use the knife in any fashion.

sufficient verbal representation that he was armed with a deadly weapon. The State therefore presented sufficient evidence to satisfy the elements of first-degree robbery." The Court of Criminal Appeals thus converted a rebuttable presumption into a conclusive presumption, contrary to the plain language of § 13A-8-41(b).[4]

A more adequate analysis occurred in James v. State, 405 So. 2d 71 (Ala. Crim. App. 1981). In that case "while no weapon was actually displayed, the defendant, by placing his hand inside his coat pocket, gave the victim the impression that he was armed with a pistol." 405 So. 2d at 72. Because the victim reasonably believed that James was armed with a deadly weapon, the State had made a prima facie case that James was armed with a deadly weapon.

---

[4]Section 13A-8-41(b) may also be unconstitutional on its face by impermissibly shifting to the defendant the burden of proof on the deadly weapon element. By using the phrase "is prima facie evidence" rather than the phrase "may be considered as prima facie evidence," § 13A-8-41(b) appears to create a mandatory rather than a permissive presumption. "Mandatory presumptions 'violate the Due Process Clause [because] they relieve the State of the burden of persuasion on an element of an offense.'" Townes v. State, [Ms. CR-10-1892, June 13, 2014] ___ So. 3d ___, ___ (Ala. Crim. App. 2014) (quoting Francis v. Franklin, 471 U.S. 307, 314 (1985)). See also Beard v. State, 612 So. 2d 1335 (Ala. Crim. App. 1992).

20

1130650

> "A conviction of first degree robbery does not require evidence that the accused brandished or displayed any weapon. Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one <u>and (2) there is no evidence to rebut or refute this reasonable belief or representation</u>."

<u>James</u>, 405 So. 2d at 73 (emphasis added). Although the <u>James</u> court incorrectly stated that "in order to be convicted of first degree robbery an accused <u>need not even be armed</u> with a deadly weapon or dangerous instrument,"[5] 405 So. 2d at 73, it did correctly acknowledge that the prima facie case could be rebutted. The court concluded:

> "Here the defendant's actions instilled in the victim the reasonable belief that he was armed with a pistol. Under Section 13A-8-41(b) this constituted prima facie evidence that the defendant was so

_____

[5]Other cases have made this error. See, e.g., <u>Dick v. State</u>, 677 So. 2d 1267, 1270 (Ala. Crim. App. 1996) (noting that "'[t]his court has held on several occasions that it is not necessary to prove that a defendant displayed a gun during a robbery <u>or that he actually had a gun</u> to sustain a conviction for Robbery in the First Degree'" (quoting <u>Stewart v. State</u>, 443 So. 2d 1362, 1363-64 (Ala. Crim. App. 1983)) (emphasis added); <u>Holt v. State</u>, 960 So. 2d 726, 739 n.6 (Ala. Crim. App. 2006) (stating that "an accused need not actually be armed with a deadly weapon to be convicted of robbery in the first degree"). For an analysis of this problem, see <u>Lucas v. State</u>, 45 So. 3d 380, 394-98 (Ala. Crim. App. 2009) (Welch, J., dissenting).

21

armed. <u>Since there was no evidence to rebut this presumption</u> and as the State proved all the other elements of robbery in the first degree, the defendant's conviction must stand."

405 So. 2d at 73 (emphasis added). See also <u>Herndon v. State</u>, 563 So. 2d 1065, 1070 (Ala. 1990) (noting "that the presumption in § 13A-8-41(b) can be rebutted").

In this case, by contrast, the evidence conclusively rebutted the presumption that Conner was armed with a gun. By omitting an essential step of the analysis, the Court of Criminal Appeals erred in affirming Conner's conviction for first-degree robbery and the mandatory minimum sentence of life imprisonment.[6]

Good cause exists under Rule 2(b), Ala. R. App. P., for this Court, on its own motion, to grant Conner's petition based on (1) <u>an erroneous conclusion of law by the trial court and by the Court of Criminal Appeals (and now ignored by this Court)</u> that Conner is guilty of first-degree robbery although he was not in possession of a gun, and (2) the affirming of a

---

[6]Justice Shaw's special concurrence notes that we do not have the jury instructions before us or the actual testimony, if any, as to the perceived role of the folding knife. In my view these uncertainties, when coupled with the clear legal error on the face of the unpublished memorandum of the Court of Criminal Appeals, provide additional argument for granting the petition.

life sentence for a crime Conner could not be guilty of committing under the facts of this case. Although stating facts that demonstrate that Conner was not guilty of first-degree robbery -- "Conner did not have a gun" -- the Court of Criminal Appeals nonetheless affirmed his conviction for that crime.

If we were to overturn Conner's conviction for first-degree robbery, a Class A felony, and remand for resentencing on the lesser-included offense of third-degree robbery, a Class C felony, Conner's minimum sentence under the habitual-felony-offender statute would be 15 years as opposed to life imprisonment. § 13A-5-9(c)(1) and (3), Ala. Code 1975. Surely a mandatory minimum sentence of life imprisonment is a manifest injustice when, under a correct reading of the robbery statutes, the minimum available sentence is 15 years.

1130650

MURDOCK, Justice (dissenting).

I respectfully dissent from the denial of certiorari review. As a threshold matter, I note my agreement with the reasons cited by Chief Justice Moore for which this Court, in the interest of justice in this particular case, should overlook the failures that characterize the pro se petition before us.

As for the merits of this case, I acknowledge that Willie Conner was found to be in possession of a pocketknife at the time of his arrest. There is no suggestion in the unpublished memorandum of the Court of Criminal Appeals, however, that any person saw that knife or had any reason to believe that Conner was possessed of a deadly weapon in the form of such a knife. The discussion by the Court of Criminal Appeals as to whether Conner was armed with a deadly weapon or dangerous instrumentality focuses solely on his "verbal representation" that "he had a gun." I likewise will limit the focus of my comments.

In order to prove first-degree robbery in the absence of "serious physical injury to another," see Ala. Code 1975, § 13A-8-41(a)(2), the State must prove that the defendant was

24

1130650

"armed with a deadly weapon or dangerous instrument," see § 13A-8-41(a)(1). A requirement that the defendant be "armed" means that defendant must have been armed. I know of no other way to read those words.

Yet, somehow, the fact that § 13A-8-41(b) provides methods, short of direct evidence of the defendant's being armed, by which the State can present a prima facie case that the defendant was armed, has led to restatements of the necessary elements of first-degree robbery that suggest that it is not necessary for the defendant actually to be armed. In the present case, for example, after quoting Rice v. State, 620 So.2d 140, 141-42 (Ala. Crim. App. 1993), for the proposition, in a different context, that "'the State does not have to prove the defendant actually had a gun in order to sustain a conviction of first-degree robbery,'" the Court of Criminal Appeals states that, "[a]lthough Conner did not have a gun at the time, his claim that he had a gun was a sufficient verbal representation that he was armed with a deadly weapon." Even the passage in James v. State, 405 So. 2d 71, 73 (Ala. Crim. App. 1981), noted by Chief Justice Moore in his special writing contributes to the confusion,

25

stating that, "[i]n order to be convicted of first-degree robbery, an accused need not even be armed with a deadly weapon or dangerous instrument" under certain circumstances. That simply is not true.

What is true is that, in the absence of any evidence deemed sufficient by the factfinder to rebut the prima facie case established through presentation of certain evidence as described in § 13A-8-41(b), the State will have proven that the defendant was armed. It is not true, however, that the State need not prove that the defendant was armed; at the end of the day, the required element of the defendant's being armed is still a required element of the offense. That which is set out in § 13A-8-41(b) as prima facie evidence of that element is only that, prima facie evidence. Section 13A-8-41(b) does not change what the State must prove under s 13A-8-41(a)(2); it merely provides a tool designed to aid the State in proving it.