SHAW, Justice
(concurring specially).
I concur to deny the petition. The petitioner, T.G., who is represented by counsel, challenges whether a patdown for weapons, which resulted in the seizure of contraband, was permissible.[1] Under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a law-enforcement officer, for his or her own protection and safety, may conduct a. patdown to find weapons he or she reasonably believes or suspects are then in the possession of a person subject to an investigatory stop. Ybarra v. Illinois, 444 U.S. 85, 93, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Further, “[t]he Court recognized in Terry that the policeman making a reasonable investigatory stop should not be denied the opportunity to protect himself from attack by a hostile suspect.” Adams v. Williams, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612(1972).
Officers stopped the vehicle T.G. was driving for committing a traffic violation. The stop occurred in a high crime area at night. The person seated next to T.G. had an outstanding' warrant for her arrest! The Supreme Court of the United States has recognized that “jjt]raffic stops ... áre ‘especially fraught with danger to police officers.’” Arizona v. Johnson, 555 U.S. 323, 324, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009) (quoting Michigan v. Long, 463 U.S. 1032, 1047, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)). T.G.’s presence in a high crime area, the surrounding darkness, and T.G.’s proximity to and confederation with someone who had an outstanding warrant[2] are all circumstances that allowed the officer to believe “that the persons with whom he [was] dealing may be armed and presently dangerous” and thus entitled him “for the protection. of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.” Terry, 392 U.S. at 30. Under the totality of the circum *322 stances, the officer was justified in conducting the patdown search for weapons. To hold that it is impermissible to frisk for weapons under these facts would create a dangerous legal precedent and, more importantly, would create a dangerous environment for all law-enforcement officers.
The Court of Criminal Appeals in its unpublished memorandum, T.G. v. State (No. CR-13-1068, Sept. 26, 2014), —- So.3d - (Ala.Crim.App.2014) (table), noted that T.G. challenged only the justification for the patdown; he did -not challenge the further search of the cigarette box containing a controlled substance discovered by the officer during the patdown. In his certiorari petition, T.G. again does not challenge the search of the cigarette box even though the Court of Criminal Appeals pointed out the issue; it is his prerogative to decline to do so. Further, it is a well settled principle that an appellate court will consider only the issues raised by the parties “and will not search out errors which have not been properly preserved or assigned.” Ex parte Riley, 464 So.2d 92, 94 (Ala.1985). In our adversarial system, “we should rely on the parties to raise issues they believe worthy of review.” Ex parte Conner, 165 So.3d 556, 558 (Ala.2014) (Shaw, J., concurring specially). If T.G. does not believe that the search of the cigarette box violated his constitutional rights and was, as the Chief Justice characterizes it, like those conducted by “ ‘authoritarian governments,’ ” then I believe that we should address only the arguments he actually presents. 165 So.3d at 558 (Moore, C.J., dissenting) (quoting Ex parte Warren, 783 So.2d 86, 96 (Ala.2000) (Johnstone, J., concurring specially)).[3] Criminal cases routinely involve searches and seizures by law enforcement; I do not believe that it is advisable or practicable to perform a plain-error review in all such cases.
BOLIN, J., concurs.

. The facts of this case are stated in the Chief Justice's dissent, and I see no need to repeat them.

. I see nothing in the record justifying an attempt to minimize the nature of the warrant for the passenger; even T.G. states in his petition that there is no information in the record regarding the basis for that warrant. Further, it is unclear whether the officers believed that the warrant was issued by the City of Birmingham or whether the warrant simply originated from that city.

. I am not viewing T.G.’s challenge "narrowly”; I am viewing it as actually stated in his petition. Whether a search of a container discovered .during a patdown was legal involves an analysis completely different — “separable” — from an analysis of the issue whether the frisk was justifiable in the first place. The petition cites no authority for and undertakes no analysis as to this narrower issue.