MOORE, Chief Justice
(dissenting).
Willie Lee Conner was caught stealing a roofing nailer from a Lowe’s home-improvement store in 2012. Conner was not armed with a deadly weapon nor did he use force to resist the Lowe’s employees who confronted him outside the store. Nevertheless, Conner was convicted of first-degree robbery, a violation of § 13A-8-41, Ala.Code 1975, and was sentenced as a habitual offender to life imprisonment. Conner’s conviction and sentence were affirmed by the Court of Criminal Appeals in an unpublished memorandum. Conner v. State (No. CR-12-2005, Jan. 31, 2014), 177 So.3d 1201 (Ala.Crim.App.2014) (table) (“Conner I”). The first time his case came before this Court, Conner failed to argue that he could not have been convicted of first-degree robbery because he did not have a gun, and, in a 6-3 decision, this Court denied his petition for a writ of certiorari without an opinion. See Ex parte Conner, 165 So.3d 556 (Ala.2014) (“Conner II ”); I dissented. 165 So.3d at 558. Conner, has now properly raised the issue whether he could have been convict *63 ed of first-degree robbery when he was- not armed with a deadly weapon; yet this Court has again denied his petition, • this time by a larger margin — 8-1. I believe that Conner has demonstrated that the decision of the Court of Criminal Appeals below conflicts with previous cases of this Court and of the Court of Criminal Appeals. I also believe that, under the facts, Conner could not have been convicted of first-degree robbery and that Conner’s resulting sentence of - life imprisonment is both illegal and unjust. Therefore, I respectfully but strongly dissent.
I set forth the following relevant facts in my dissent in Conner II:
“On July 5, 2012, a cashier at a Lowe’s home-improvement store in Foley informed Alvin Barnard, a loss-prevention manager at the store, that he had seen a man leave the store and it ‘looked like he had something in his pants.’' Later that day the cashier informed Barnard that the same man, subsequently identified as Conner, was back in the store. Barnard viewed Conner on the store’s video-surveillance system and saw him take a roofing nailer from a shelf in the tool department, place it down the front of his pants, and leave the store without paying for the roofing nailer.
“Barnard and a colleague followed Conner, stopped him, identified themselves as loss-prevention managers, and asked Conner to come back into the store. Once inside the store, Conner said ‘I have a gun’ and stuck his hand in his right front pants pocket. Perceiving Conner’s statement and movement as a threat of physical harm, Barnard wrestled Conner to the ground and subdued him. Barnard then searched Conner’s pockets, finding only a folding knife, which he removed. Conner also surrendered the nailer to Barnard. Without resisting, Conner allowed Barnard to escort him to the security office, where he signed a statement admitting the theft.
“After a Foley'police officer arrived, Conner told the officer that he had not intended to resist Barnard but had lost his balance because of the weight of the nailer in his pants. He admitted that he - had said he had a gun but stated that he was referring to the nailer as a ‘nail gun.’ ”
165 So.3d at 559 (Moore, C.J., dissenting). Conner was convicted of robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975,[1] and was sentenced as a habitual offender to life imprisonment.
The Court of Criminal Appeals affirmed Conner’s conviction and sentence in an unpublished memorandum. Conner I. On appeal, Conner argued that he could not have been convicted of first-degree robbery because he uttered the words “I have a gun” after the theft was complete. The Court of Criminal Appeals held that Conner had not properly preserved this argument for appellate review. The court then said, in dicta, that, even if he had pie- *64 served his claim, there would have been sufficient evidence to convict 'Conner because the events took place during his immediate flight from the store. The court also noted that Conner’s “claim that he had a gun was a sufficient verbal representation that he was armed with a deadly weapon. The State therefore presented sufficient evidence to satisfy the elements of first-degree robbery.”
Conner then petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ decision, which this Court denied. Conner II, 165 So.3d at 556. I dissented, noting that, although Conner had- not raised the issue, Conner could not have been convicted of robbery in the first degree because he did not have a gun. 165 So.3d at 560-63 (Moore, C.J., dissenting) (discussing § 13A-8-41(b), Ala. Code 1975; James v. State, 405 So.2d 71 (Ala.Crim.App.1981); and Herndon v. State, 563 So.2d 1065 (Ala.1990)).
Almost immediately after our decision in Conner II, Conner filed the present Rule 32, Ala. R.Crim. P., petition, which was his first. Conner alleged, among other things, that his counsel was ineffective for failing to preserve for appellate review his claim that the evidence was insufficient to convict him of first-degree robbery because he did not have a gun at the time of the theft. The trial court summarily dismissed Conner’s petition. Conner appealed to the Court of Criminal Appeals, which affirmed the trial court’s dismissal in an unpublished memorandum. Conner v. State (No. CR-14-0703, Dec. 16, 2015), — So.3d -(Ala.Crim.App.2015) (table) (“Conner III ”). In affirming the trial court’s judgment, the Court of Criminal Appeals merely quoted § 13A-8-41, copied and pasted the dicta from Conner I into the new memorandum, and then concluded that there was sufficient evidence to convict Conner of first-degree robbery because Conner told Barnard that he had a gun and he reached toward his pocket. As will be explained below, Conner III did not address the previous decisions of Alabama appellate courts holding that § 13A-8-41(b) creates only a rebuttable presumption that a defendant who says he is armed with a deadly weapon is in fact armed with a deadly weapon.
In his petition, Conner alleges, among other things, that the decision of the Court of Criminal Appeals conflicts with Hern-don and James. In Herndon, this Court held that “the presumption in § 13A-8-41(b) can be rebutted.” Herndon, 563 So.2d at 1070. In James, the Court of Criminal Appeals held:
“[I]n order to be convicted of first degree robbery an accused need not even be armed with a deadly or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation.”
405 So.2d at 73 (emphasis added).[2] Conner also claims that Conner III conflicts with Davis v. State, 553 So.2d 671, 672-73 (Ala.Crim.App.1989) (holding that the presumption that a defendant is armed with a deadly weapon can be rebutted); Davis v. State, 473 So.2d 1210, 1211 (Ala.Crim.App.1985) (noting that § 13A-8-41(b) creates a presumption that can be rebutted); Carter *65 v. State, 420 So.2d 292, 294 (Ala.Crim.App.1982) (noting that the defendant can reduce the grade of his offense by rebutting the presumption created by § 13A-8-41(b)); and Lidge v. State, 419 So.2d 610, 612 (Ala.Crim.App.1982) (noting that § 13A-8-41(b) creates only a presumption).
Thus, Conner.has presented this Court with six cases recognizing that § 13A-8-41(b) creates only a presumption that one who alleges that he is armed with a deadly weapon is in fact armed with a deadly weapon. Conner also argues that that presumption was rebutted in this case because the undisputed evidence shows that he did not have a gun. If there is k flaw in Conner’s logic, I cannot find it'. This leads me to believe that this Court should have granted Conner’s petition for a writ of certiorari. By denying Conner’s petition, this Court has allowed the Court of Criminal Appeals to affirm the dismissal .of Conner’s Rule 32 petition by copying and pasting its flawed analysis from Conner I, instead of forcing it to wrestle with the cases that directly contradict its holding in Conner III.
Not only do I believe that there is a probability of merit to Conner’s contention, but I also believe that allowing the Court of Criminal Appeals’ decision to stand is a grave injustice. Conner was convicted of first-degree robbery and was sentenced to life imprisonment. Robbery always has been punished more harshly than other forms of theft because the use of force puts the victim in danger. As Sir William Blackstone wrote long ago: “[T]he taking must be by force, or a previous putting in fear; which makes the violation of the person more atrocious than privately stealing.... This previous putting in fear is the criterion that distinguishes robbery from other larcenies.” 4 William Blackstone, Commentaries *242.
In this case, Conner did not use force to try to steal the roofing nailer. Instead, Conner said “I have a gun” and then reached into his pocket. This is not “force.” Although Conner claimed that this comment was a reference to the “roofing nailer” because he considered it a “nail gun,” the jury was free to disbelieve him and to believe instead that he was claiming that he had a firearm. Thus, the jury could have found Conner guilty of third-degree robbery under § 13A-8^43(a)(2), Ala.Code 1975.[3] Conner’s actions could constitute third-degree robbery — but just barely. However, because Conner said “I have a gun,” the Court of Criminal Appeals twice upheld Conner’s conviction for first-degree robbery. How can this be? There was no force. There was no danger. And Conner was not armed with a gun.
There is a difference between justice and overkill. Despite his statement that he had “a gun,” the undisputed evidence showed indeed that Conner did not have a gun. Therefore, as I explained in my dissent in Conner II, Conner could not have been convicted of first-degree robbery.[4] *66 Conner has presented a probability of merit, as required by Rule 39(f), Ala. R.App. P., in his argument that Conner III conflicts with prior decisions of this Court and of the Court of Criminal Appeals. Because Conner has met the requirements of Rule 39, Ala. R.App. P., and because Conner has been subjected to an unjust punishment because of an illegal conviction, I strongly believe that this Court should have granted his petition. I respectfully dissent.

. Alabama’s first-degree-robbery statute, § 13A-8-41, Ala.Code 1975, provides:
“(a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal, or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
“(c) Robbery in the first degree is á Class A felony,”
(Emphasis added.)

. As I noted in my dissent in Conner II, I disagree with the portion of James holding that the accused "need not even be armed” with a deadly weapon in order to be convicted of first-degree robbery. Conner II, 165 So.3d at 562 (Moore, C.J., dissenting). Nevertheless, that error in James is immaterial here, because the James court correctly “ac-knowledgefd] that the prima facie case could be rebutted.” Id.

. “(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
[[Image here]]
"(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
§ 13A-8-43, Ala.Code 1975.

. Justice Shaw argued in Conner II that Conner could have been convicted of first-degree robbery because he was in possession of a folding knife at the time of the offense. Conner II, 165 So.3d at 557-58 (Shaw, J„ concurring specially). Conner, however, made no oral threat indicating that he was armed with a knife, and there was no evidence indicating that he attempted to use the knife to abscond with the property. See also 165 So.3d at 561 n. 3 (Moore, C.J., dissenting) (responding to *66 Justice Shaw's argument that Conner was armed with a deadly weapon because he was in possession of a folding knife).